IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDON MAVROMATIS and
ELISABETH MAVROMATIS,

                    Plaintiffs,

          v.                                      1:14-cv-3469-WSD

DUNCAN SCOTT MURPHY,

                    Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Duncan Scott Murphy's

("Defendant") Motion for Partial Summary Judgment [56] ("Motion").  Also

before the Court are Defendant's Motion for Oral Argument [63] ("Motion for

Oral Argument") and Plaintiffs Fedon Mavromatis' and Elisabeth Mavromatis'

("Plaintiffs") Motion for Leave to File Surreply [65] ("Motion for Leave") in

Opposition to Defendant's Motion.

## I.    BACKGROUND

This is a negligence action brought by Plaintiffs against Defendant arising

from a 2013 automobile accident, in Fulton County, Georgia.[1]  Plaintiffs allege

---

[1]      On October 28, 2014, Plaintiffs filed their Complaint [1] against Defendant.
On December 19, 2014, Plaintiffs filed their First Amended Complaint [11]
("Amended Complaint").

that, on February 25, 2013, when Defendant attempted to change lanes on

Interstate 75, Defendant struck Mr. Mavromatis' vehicle.  (Am. Compl. ¶¶ 9-16).

Mrs. Mavromatis was a passenger in the car.  (Id. ¶ 13).  The collision caused

Plaintiffs' car to strike the concrete median between the northbound and

southbound lanes of Interstate 75, causing Plaintiffs severe and permanent injuries.

(Id. ¶¶ 17-18).  Plaintiffs allege claims for negligence, attorneys' fees and costs

under O.C.G.A. § 13-6-11, and loss of consortium.  (Id. ¶¶ 23-44).[2]

Defendant denies he was negligent, proximately caused the accident, or

caused Plaintiffs' injuries.  (Answer [12] ¶¶ 25-28, 31-33).  He also asserted an

affirmative defense based on contributory negligence.  (Id. at Fourth Defense).

On June 10, 2015, Defendant filed his Motion for Partial Summary

Judgment, seeking summary judgment on Plaintiffs' claim under O.C.G.A.

§ 13-6-11 for attorneys' fees and costs.  (Mot. at 1-2).  Defendant argues there is a

bona fide controversy over whether he was negligent, whether his alleged

negligence was the proximate cause of Plaintiffs' injuries, and the alleged damages

resulting from his alleged conduct.  (Id.).  Because of this controversy, Defendant

argues, Plaintiffs are not entitled to attorneys' fees and costs under O.C.G.A.

---

[2]      Plaintiffs asserted a claim for punitive damages, which they have voluntarily
dismissed.  (See [55]).

§ 13-6-11.  (Id.).  Defendant does not rely on any record evidence to support the bona fide controversy he claims exists.

Plaintiffs argue that Defendant did not present record evidence to show a genuine dispute over liability and causation.  (Resp. [57] at 2).  That Defendant refused to accept responsibility for the accident in spite of the evidence establishing his liability is stubbornly litigious behavior which caused Plaintiffs unnecessary trouble and expense.  (Id. at 7-8).  Defendant's stubborn litigiousness, Plaintiffs argue, precludes summary judgment on Plaintiffs' attorneys' fees claim. (Id.).

Plaintiffs support their argument with Defendant's March 25, 2015, deposition testimony, in which he admitted that if he had not steered too hard to the right, the accident would not have happened.  (Tr. of Defendant's March 25, 2015, deposition [57.1-57.4] at 69:2-9, 80:25-81:8).  Defendant further admitted in his deposition that had he maintained control of his vehicle and not "oversteer[ed]," the accident would not have occurred.  (Id. at 89:22-90:9).  He acknowledged that, after he saw that both vehicles were seeking to enter the same lane, his actions caused the accident.  (Id. at 90:4-9).

Mr. Duane Hartman, who witnessed the accident, when he was deposed, testified that Defendant was "absolutely speeding."  (Tr. of Duane Hartman's

April 29, 2015, deposition [57.6] at 26:14-15).  Mr. Hartman also testified that

Defendant was not operating his vehicle in a safe and reasonable manner, and that

Plaintiffs were.  (<u>Id.</u> at 17:11-17).  Based on this evidence, Plaintiffs state they are

entitled to pursue their attorneys' fees and costs claim.

On July 13, 2015, Defendant filed his Second Amended Answer ("Second

Answer").  In it, Defendant admits he was "solely responsible for causing the

collision."  (<u>See</u> Am. Compl. ¶ 21; Second Answer ¶ 21).  Defendant also now

admits he breached his duty to operate his vehicle in a reasonable and safe manner.

(<u>See</u> Am. Compl. ¶ 25; Second Answer ¶ 25).

In his Reply, Defendant states he denied his negligence initially to explore

whether Mr. Mavromatis was contributorily negligent and to explore other

potential defenses to Plaintiffs' negligence claim.  (Reply [62] at 1).  After

considering the evidence, including the testimony of a witness to the accident,

Defendant made the "strategic choice to admit certain allegations of negligence."

(<u>Id.</u> at 1-2).  Defendant argues that his decision to admit negligence should not be

used against him in evaluating whether he was stubbornly litigious earlier in this

case.  (<u>Id.</u> at 2, 5-6).[3]

---

[3]    On July 15, 2015, Defendant filed his Motion for Oral Argument.  On
July 16, 2015, Plaintiffs filed their Motion for Leave, requesting permission to file
a surreply to address new arguments Defendant raised in his Reply.  (Mot. for

**II.    DISCUSSION**

    A.    <u>Legal Standard</u>

        1.    <u>Motion for Summary Judgment</u>

A court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Parties "asserting that a fact cannot be or is genuinely disputed must support that assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1).

The party seeking summary judgment bears the burden of demonstrating the absence of a genuine dispute as to any material fact. <u>Herzog v. Castle Rock Entm't</u>, 193 F.3d 1241, 1246 (11th Cir. 1999). Once the moving party has met this burden, the non-movant must demonstrate that summary judgment is inappropriate by designating specific facts showing a genuine issue for trial. <u>Graham v. State Farm Mut. Ins. Co.</u>, 193 F.3d 1274, 1282 (11th Cir. 1999). Non-moving parties

---

Leave at 1-2). Plaintiffs attached a copy of their proposed surreply [65.1] to the Motion for Leave.

"need not present evidence in a form necessary for admission at trial; however, [they] may not merely rest on [their] pleadings." Id.

The Court must view all evidence in the light most favorable to the party opposing the motion and must draw all inferences in favor of the non-movant, but only "to the extent supportable by the record." Garczynski v. Bradshaw, 573 F.3d 1158, 1165 (11th Cir. 2009) (quoting Scott v. Harris, 550 U.S. 372, 381 n.8 (2007)).  "[C]redibility determinations, the weighing of evidence, and the drawing of inferences from the facts are the function of the jury . . . ." Graham, 193 F.3d at 1282.  "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Herzog, 193 F.3d at 1246.  But, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," summary judgment for the moving party is proper.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

2.    O.C.G.A. § 13-6-11

O.C.G.A. § 13-6-11 provides:

> The expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them.

O.C.G.A. § 13-6-11.  "A recovery for stubborn litigiousness or causing

unnecessary trouble and expense is authorized if no bona fide controversy or dispute existed as to the defendant's liability." E.g., King Indus. Realty, Inc. v. Rich, 481 S.E.2d 861, 867 (Ga. App. Ct. 1997). Even when there is a bona fide controversy over causation and damages, the lack of a bona fide controversy over liability can support a claim for attorneys fees under O.C.G.A. § 13-6-11. Kroger Co. v. Walters, 735 S.E.2d 99, 105 (Ga. App. Ct. 2012) ("[W]ithout a dispute as to liability, 'the raising at trial of a dispute as to the amount of liability, without more, will not satisfy the bona fide controversy requirement.'") (quoting Delta Air Lines v. Isaacs, 233 S.E.2d 212 (Ga. App. Ct. 1977)).

Generally, the "issue of attorneys' fees under O.C.G.A. § 13-6-11 is a question for the jury." E.g., Premier Cabinets, Inc. v. Bulat, 583 S.E.2d 235, 238 (Ga. Ct. App. 2003). "[O]nly in the rare case where there was absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues." Brito v. Gomez Law Grp., LLC, 658 S.E.2d 178, 182 (Ga. App. Ct. 2008). "Where there is at least some evidence to support a claim for attorney fees under O.C.G.A. § 13-6-11, the trial judge is bound to submit the issue to the jury." Redfearn v. Huntcliff Homes Ass'n, Inc., 531 S.E.2d 376, 381 (Ga. App. Ct. 2000).

B.    <u>Analysis</u>

Plaintiffs claim attorneys' fees and costs under O.C.G.A. § 13-6-11.  They allege that Defendant was stubbornly litigious and caused Plaintiffs unnecessary trouble and expense by denying liability.  (Compl. ¶¶ 35; Resp. at 7-8).  Defendant argues there is a bona fide dispute over causation and damages and that his initial denial of negligence was justified because, at the time, he denied negligence to investigate a contributory negligence defense.  (Mot. at 2; Reply at 1-2).

A bona fide dispute over causation and damages does not preclude a recovery of attorneys' fees and costs if there is no dispute over a defendant's liability.  <u>E.g.</u>, <u>Kroger</u>, 735 S.E.2d at 105.  The issue here is whether there is evidence to support a legitimate dispute over liability sufficient to show that Defendant was not stubbornly litigious or did not cause Plaintiffs unnecessary trouble and expense when he initially disputed his negligence.  <u>See</u> <u>Brito</u>, 658 S.E.2d at 182.

Defendant does not cite any record evidence to support the existence of a bona fide dispute over his liability, and the record evidence shows that when Defendant was deposed, he admitted he was at fault.  Merely denying liability in his Answer is not enough to show that a controversy existed.  Indeed, Defendant

does not point to any record evidence to support his argument that there was a bona fide controversy regarding his liability when he filed his Answer.

Defendant's admission in his Second Answer that he was negligent does not, in and of itself, establish that he was stubbornly litigious by initially denying his negligence.  Defendant's failing is in not presenting any record evidence that there was a bona fide controversy regarding his negligence when he initially denied it.

It is Defendant's burden to establish that he is entitled to summary judgment on Plaintiffs' claim for attorneys' fees by establishing that there was a genuine controversy regarding his liability that justified his initial denial.  See, e.g., Herzog, 193 F.3d at 1246; Brito, 658 S.E.2d at 182.  That burden was not met, including because Defendant did not cite any record evidence to show there were issues of fact regarding his liability.  Indeed, his deposition testimony suggests none existed. The Court concludes there are disputed issues of fact regarding whether Defendant was stubbornly litigious and his motion for summary judgment on Plaintiffs' claim under O.C.G.A. § 13-6-11 is required to be denied.  See Redfearn, 531 S.E.2d at 381; Premier Cabinets, 583 S.E.2d at 238.[4]

---

[4]     Summary judgment on Plaintiffs' claim for attorneys' fees also is premature and is properly denied because other claims asserted by Plaintiffs remain pending. See BAC Home Loans v. Wedreit, 759 S.E.2d 867, 873 (Ga. Ct. App. 2014); see also William Goldberg & Co. v. Cohen, 466 S.E.2d 872, 880 (Ga. Ct. App. 1995)

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Duncan Scott Murphy's

Motion for Partial Summary Judgment [56] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Duncan Scott Murphy's

Motion for Oral Argument [63] is **DENIED**.[5]

**IT IS FURTHER ORDERED** that Plaintiffs Fedon Mavromatis' and

Elisabeth Mavromatis' Motion for Leave to File Surreply [65] is **DENIED AS**

**MOOT**.


**SO ORDERED** this 18th day of February, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

(holding that summary judgment on claim for attorneys' fees, under O.C.G.A.
§ 13-6-11, was properly denied when other claims remained pending).
[5]   The Court concludes that oral argument is not necessary and would not be
helpful to the Court in deciding Defendant's Motion for Partial Summary
Judgment.