## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**FEDON MAVROMATIS and**
**ELISABETH MAVROMATIS,**

              **Plaintiffs,**

   **v.**                                     **1:14-cv-3469-WSD**

**DUNCAN SCOTT MURPHY,**

              **Defendant.**

## <u>OPINION AND ORDER</u>

This matter is before the Court on Defendant Duncan Scott Murphy's ("Defendant") Motions in Limine [93] ("Defendant's Motions") and Plaintiffs Fedon Mavromatis and Elisabeth Mavromatis' ("Plaintiffs") Consolidated Motions in Limine [92] ("Plaintiffs' Motions").

## I.      BACKGROUND

This is a negligence action arising out of a motor vehicle accident in Fulton County, Georgia.  Plaintiffs allege that, on February 25, 2013, when Defendant attempted to change lanes on Interstate 75, Defendant struck Plaintiffs' vehicle. (Am. Compl. ¶¶ 9-16).  Plaintiff Fedon Mavromatis was driving the car and his wife, Plaintiff Elisabeth Mavromatis, was a passenger.  (<u>Id.</u> ¶¶ 13-14).  The collision allegedly caused Plaintiffs' car to strike the concrete median between the

northbound and southbound lanes of Interstate 75, causing Plaintiffs severe and permanent injuries.  (Id. ¶¶ 17-18).

On December 19, 2014, Plaintiffs filed their First Amended Complaint [11],[1] asserting claims for negligence, attorneys' fees and costs, and loss of consortium. (Id. ¶¶ 23-44).[2]  Defendant admits that he is "solely responsible" for the collision and that he was negligent.  (Defendant's Second Amended Answer [61] ("Sec. Am. Answer") ¶¶ 21, 25-26, 31; Am. Compl. ¶ 21).  He disputes Plaintiffs' alleged damages and the extent to which his conduct caused them.  (Consolidated Pretrial Order [87] at 8).  He also disputes that he is liable for Plaintiffs' attorneys' fees and costs.  (Id.).  On February 18, 2016, the Court denied [85] Defendant's Motion for Partial Summary Judgment.

On April 8, 2016, the parties filed their respective motions in limine. Defendant seeks to exclude (1) evidence of Plaintiffs' inability to pay medical expenses, (2) evidence concerning the parties' liability insurance coverage, (3) voir dire questions concerning insurance, unless a prospective juror states that he or she works for an insurance company, (4) arguments or allegations suggesting that jurors should, in awarding damages, put themselves in Plaintiffs' position,

---

[1]     On October 28, 2014, Plaintiffs filed their Complaint [1].
[2]     Plaintiffs also asserted, but have since voluntarily dismissed, a claim for punitive damages.  (See [55]).

(5) evidence relating to Defendant's prior or subsequent traffic citations or driving record, (6) evidence that Defendant made modifications or repairs to his vehicle, (7) evidence of Defendant's criminal record, absent a certified copy of a felony conviction or a misdemeanor crime involving moral turpitude, and (8) evidence concerning settlement negotiations.[3]

In their Consolidated Motions in Limine, Plaintiffs seek to exclude (1) medical records from Plaintiffs' primary care physician, (2) evidence or argument, unsupported by medical testimony, that Plaintiffs' injuries were caused other than by the car accident at issue, (3) evidence or argument, unsupported by medical proof, that Plaintiffs are malingering or exaggerating their injuries, (4) evidence or argument that a verdict against Defendant may negatively impact his life, (5) evidence of the parties' financial status, (6) evidence or argument that Plaintiffs caused or contributed to the collision, (7) statements of regret or remorse from Defendant, (8) argument or suggestion that the collision was an accident, (9) evidence of Plaintiffs' medical payments from collateral sources, (10) evidence regarding the amount of Defendant's insurance coverage for the accident, (11) evidence of when Plaintiffs contacted or retained counsel, (12) suggestion or

---

[3]     On April 20, 2016, Plaintiffs filed their Response to Defendant's Motions in Limine [95] ("Plaintiffs' Response").  On April 29, 2016, Defendant filed his Reply to Plaintiffs' Response to Motions in Limine [97] ("Defendant' Reply").

implication that Plaintiffs are greedy, (13) statements that Plaintiffs, by pursuing this action, are playing the lottery or gambling, (14) statements regarding the tax implications of any verdict, (15) statements regarding the effect of any verdict on insurance rates, premiums or charges, and (16) any ad hominem attacks on the lawyers in this action.[4]

## II.     DISCUSSION

### A.     Defendant's Motions in Limine

#### 1.     *Healthcare Expenses*

Defendant seeks to exclude "evidence concerning plaintiffs' inability to pay medical, chiropractic, or any healthcare expenses."  (Defendant's Motions ¶ 1). Plaintiffs agree that this evidence is irrelevant and inadmissible, and it is excluded.

Although the parties agree that Plaintiffs can introduce evidence of their medical bills, Defendant seeks to prevent Plaintiffs from introducing medical bills showing an outstanding balance.  Counsel for the parties will confer to seek agreement on this issue.

---

[4]     On April 22, 2016, Defendant filed his Response to Plaintiffs' Consolidated Motions in Limine [96] ("Defendant's Response").  Plaintiffs did not file a reply.

2.     *Liability Insurance*

Defendant seeks to exclude "evidence relating to the existence of liability insurance in this case."  (Id. ¶ 2).  Plaintiffs agree that this evidence is not admissible, and it is excluded.  Defendant states that he will seek a mistrial if evidence of liability insurance is introduced at trial.  Should Defendant elect to file a motion for mistrial, the Court will consider at that time whether a mistrial is warranted.

3.     *Voir Dire Questions Regarding Insurance*

Defendant seeks to exclude, during voir dire, any questions "concerning insurance unless the prospective jurors have stated, in response to an inquiry concerning current employment, that they presently work for an insurance company."  (Id. ¶ 3).  Plaintiffs oppose this motion only to the extent that Defendant objects to their proposed voir dire question 11(c) in the pretrial order. In his Reply, Defendant does not object to this question, and Defendant's motion is granted.[5]

---

[5]     The Court notes that it will qualify the jury against each insurance company providing coverage for Plaintiffs' injuries.  The Court will rule on the parties' proposed voir dire questions at the pretrial conference.

4.      *Plaintiffs' Position*

Defendant seeks to exclude "[a]ny argument or allegation suggesting that the jurors should put themselves in the position of plaintiffs in awarding damages." (Id. ¶ 4).  Plaintiffs consent to this motion, and it is granted.

5.      *Defendant's Driving Record*

Defendant seeks to exclude "evidence relating to defendant's prior or subsequent traffic citations and/or driving record."  (Id. ¶ 5).  Plaintiffs consent to this motion, and it is granted.

6.      *Car Modifications or Repairs*

Defendant seeks to exclude "evidence relating to any modifications or repairs that Defendant may have made to the vehicle he was operating in the subject accident."  (Id. ¶ 6).  He argues that this evidence is irrelevant, including because he "has admitted negligence with regard to the subject accident." (Defendant's Reply at 3).  Plaintiffs oppose the motion, arguing that the evidence "shed[s] light on how the subject collision occurred, the credibility of Defendant Murphy and Defendant's stubborn litigiousness in this litigation."  (Plaintiffs' Response at 3).

Defendant admits that he is "solely responsible for causing the collision." (Sec. Am. Answer ¶ 21; Am. Compl. ¶ 21).  Defendant also admits "that the

actions he took to avoid a collision with the plaintiffs following his initial attempt to merge his vehicle to the left breached the applicable standard of care." (Sec. Am. Answer ¶¶ 26, 31).[6]  However, the parties dispute the extent, if any, of Plaintiffs' injuries and the extent to which Defendant's negligence caused them. (Consolidated Pretrial Order [87] at 8.  The parties also dispute whether there was, at the outset of the case, a genuine controversy as to Defendant's liability.  (See id.; Defendant's Response at 5-6).[7]  These disputes put at issue what happened during the accident.

Plaintiffs assert that Defendant struck the rear passenger area of their vehicle.  (Plaintiffs' Response at 4-5).  Defendant disputes this.  (Defendant's Reply at 2-3).  According to Plaintiffs, a post-accident picture of Defendant's car shows "an area of discoloration on the driver's side corner" of the front bumper. (Plaintiffs' Response at 7).  Plaintiffs assert that this discoloration is not present in pre-accident pictures.  (Id. at 6-7).  Evidence that Defendant made or could have

---

[6]     Defendant denies Plaintiffs' other allegations of negligence.  (Sec. Am. Answer ¶¶ 26, 31; Am. Compl. ¶¶ 26, 31).

[7]     If there was not, Defendant may be liable, under O.C.G.A. § 13-6-11, for Plaintiffs' litigation expenses.  O.C.G.A. § 13-6-11 provides that "[t]he expenses of litigation generally shall not be allowed as a part of the damages; but where the plaintiff has specially pleaded and has made prayer therefor and where the defendant has acted in bad faith, has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

made post-accident repairs to his front bumper has a "tendency" to shed light on what happened during and after the accident, which is relevant to whether Defendant was stubbornly litigious.  Fed. R. Evid. 401-402; see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 587 (1993) ("[Rule 401's] basic standard of relevance . . . is a liberal one.").  Defendant's motion is denied.[8]

### 7.   *Defendant's Criminal Record*

Defendant seeks to exclude "evidence of any criminal record of defendant in the absence of a certified copy of a felony conviction or misdemeanor crime involving moral turpitude."  (Defendant's Motions ¶ 7).  Plaintiffs oppose this motion "only to the extent it seeks to prevent [them] from introducing certified copies of documents showing that Defendant was charged with and plead[ed] guilty to failure to maintain lane in the subject collision."  (Plaintiffs' Response at 9).  In his Reply, Defendant states that he pled nolo contendere, rather than

---

[8]      In Defendant's Motions, he asserts, without explanation, that evidence of his car modifications would be "highly prejudicial" and should be excluded under Rule 403 of the Federal Rules of Evidence.  (Defendant's Motions ¶ 6).  Plaintiffs challenged this argument in their Response and Defendant did not address the issue in his Reply.  The evidence does not warrant exclusion under the "extraordinary remedy" of Rule 403.  See United States v. Alfaro–Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (noting that exclusion under Rule 403 "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility" (quoting United States v. Dodds, 347 F.3d 893, 897 (11th Cir. 2003)).

guilty, to the charge.  (Defendant's Reply at 4-5).  Defendant argues, under Rule 609 of the Federal Rules of Evidence, that Plaintiffs are not permitted to "use that plea as evidence of his negligence at trial."  (Id. at 5).

Rule 410 of the Federal Rules of Evidence provides that evidence of "a nolo contendere plea" is "not admissible against the defendant who made the plea." Fed. R. Evid. 410(a)(2); see United States v. Williams, 642 F.2d 136, 139 (5th Cir. 1981) ("As a statement of the defendant for which he may, in another proceeding or on another occasion be called upon to account, [a nolo contendere plea] admits nothing.  It is the same as a plea of not guilty.").[9]  "[E]vidence of a legal plea of guilty to a criminal charge is generally admissible in civil litigation as an admission against interest.  This principle is applicable to litigation arising out of automobile accidents."  Dunham v. Pannell, 263 F.2d 725, 728 (5th Cir. 1959).

"Evidence of traffic citations is only admissible in a subsequent civil proceeding if the defendant voluntarily and knowingly entered a plea of guilty." Rhodes v. Curtis, No. 04-cv-476, 2006 WL 1047021, at *2 (D. Okla. Apr. 12, 2006); see Bergeron v. Great W. Cas. Co., No. 14-cv-13, 2015 WL 3505091, at *4 (E.D. La. June 3, 2015) (federal courts "agree that evidence of a traffic citation is

---

[9]     In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

only admissible if the defendant pleaded guilty to the citation");

Dawson v. Carbollosa, No. 14-cv-0057, 2014 WL 7272768, at *3 (W.D. La. Dec.

18, 2014) ("While a plea of guilty to a traffic citation is admissible in a civil case,

the mere fact that a party was charged with a traffic violation is not.") (internal

citation omitted); Cunningham v. Wash. Gas Light Co., No. 86-cv-2392, 1988 WL

90400, at *1 (D.D.C. Aug. 11, 1988) ("[T]he mere issuance or failure to issue a

traffic citation is not admissible in a civil trial.").

Defendant's plea of nolo contendere to a charge of failure to maintain lane is

not admissible.  Defendant's motion is granted.[10]

### 8. *Settlement Negotiations*

Defendant seeks to exclude "any evidence of the substance of, or lack of,

settlement negotiations."  (Defendant's Motions ¶ 8).  Plaintiff consents to this

motion, and it is granted.

### B. Plaintiffs' Motions in Limine

### 1. *Medical Records from Doctor Raymond Hansen*

Plaintiffs seek to exclude "medical records from Plaintiffs' primary care

physician, Dr. Raymond Hansen."  (Plaintiffs' Motions at 3).  Plaintiffs argue that

---

[10]     If Defendant pled guilty, Plaintiffs may at trial renew their request to offer
evidence of his guilty plea.  The Court will then have context to decide if the
evidence is admissible, including whether it is cumulative.

the records are irrelevant, that any probative value is "significantly outweighed by the likelihood that the[] records will confuse and mislead the jury and waste time," and that the records should be excluded because "Defendant never disclosed/identified any expert witnesses" in violation of Rule 26(a)(2) of the Federal Rules of Civil Procedure.  (Id. at 3).  Defendant argues that he intends to introduce at trial Doctor Hansen's records "only to the extent that they contain statements of the plaintiffs."  (Defendant's Response at 1).  Defendant argues this evidence is "admissible at trial as statements of a party opponent and/or as impeachment evidence."  (Id.).  Defendant asserts further that Plaintiffs' statements "to their long-standing primary care doctor both before and after the subject accident are relevant to their respective physical and emotional conditions, which are directly at issue in this case."  (Id. at 2).

Under Rule 26(a)(2) of the Federal Rules of Civil Procedures, "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert] evidence under Federal Rule of Evidence 702, 703, or 705."  Fed. R. Civ. P. 26(a)(2)(A).  Defendant states that he intends to introduce Doctor Hansen's medical records "only to the extent that they contain statements of the plaintiffs." ([96] at 1).  This does not involve expert testimony subject to the disclosure requirements of Rule 26(a)(2), including because a treating physician does not

speak as an "expert" when he merely reports what a patient told him.  See Fed. R.

Civ. P. 26(a)(2)(A); Fed. R. Evid. 702.[11]

Under Rule 801(d)(2) of the Federal Rules of Evidence, Plaintiffs'

statements to Doctor Hansen, if offered against Plaintiffs, are not hearsay because

they qualify as statements of a party opponent.  Fed. R. Evid. 801(d)(2).  The

medical records containing Plaintiffs' statements are hearsay but generally are

admissible as an exception under Rule 803 of the Federal Rules of Evidence.  See

Fed. R. Evid. 803.  If Plaintiffs' statements were made for, and reasonably

pertinent to, medical diagnosis or treatment, they may qualify as hearsay

exceptions under Rule 803(4).  See Fed. R. Evid. 803(4).  The medical records also

may be admissible as records of a regularly conducted activity, or as impeachment

evidence.  See Fed. R. Evid. 803(6); Primo v. State Farm Mut. Auto. Ins. Co., No.

---

[11]    Even if these excerpts from the medical records include Doctor Hansen's
observations during the course of treatment, they also are admissible.  "[I]n the
Eleventh Circuit, treating physicians who are not designated as experts may offer
'lay' testimony that implicates their specialized experience as a physician if the
testimony is an account of their observations during the course of treatment or if it
is offered for the purpose of explaining the physician's decision-making process or
the treatment provided."  Eberhart v. Novartis Pharm. Corp., 867 F. Supp. 2d 1241,
1252-53 (N.D. Ga. 2011); see United States v. Henderson, 409 F.3d 1293, 1300
(11th Cir. 2005) (noting that a treating physician's diagnosis of an injury is
permissible lay testimony, not expert testimony); Davoll v. Webb, 194 F.3d 1116,
1138 (10th Cir. 1999) ("A treating physician is not considered an expert witness if
he or she testifies about observations based on personal knowledge, including the
treatment of the party.").

3:13-cv-64, 2014 WL 3908181, at *2 (M.D. Fla. Aug. 11, 2014) (finding that

relevant party statements in medical records were admissible under Rules 801 and

803, and for impeachment purposes).  Plaintiffs' motion is denied.[12]

2.      *Unsupported Alternative Causation Theories*

Plaintiffs seek to exclude "any evidence or argument of any kind that

suggests or implies that Plaintiffs' injuries were caused by or resulted from any

incident or injury other than the subject collision, unless such statement is first

established by competent medical testimony."  (Plaintiffs' Motions at 9).  Plaintiffs

argue that "[t]estimony regarding medical conclusions, opinions or diagnoses

cannot be rendered by a lay witness and cannot be made without sufficient proof."

(Id.).

Rule 701 of the Federal Rules of Evidence allows non-expert witnesses to

offer opinion testimony if it is "(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a

fact in issue; and (c) not based on scientific, technical, or other specialized

knowledge within the scope of Rule 702."  Fed. R. Evid. 701.  Lay witnesses

---

[12]      If Defendant seeks to introduce at trial specific, inadmissible portions of
Doctor Hansen's medical records, Plaintiffs may raise a specific objection when
the evidence is sought to be introduced.  The Court encourages the parties to work
out any purported objections.

generally "are not qualified to provide testimony concerning medical issues such as the causal connection between an accident and specific injuries." Smith v. Belterra Resort Indiana, LLC, No. 4:06-cv-172, 2007 WL 4238959, at *1 (S.D. Ind. Nov. 27, 2007); see United States v. Henderson, 409 F.3d 1293, 1300 (11th Cir. 2005) (finding that a witness' statement about the cause of an injury was a "hypothesis" and thus qualified as expert testimony); Haack v. Bongiorno, No. 08-cv-02488, 2011 WL 862239, at *4 (N.D. Ill. Mar. 4, 2011) ("No lay witness . . . is permitted to opine that the accident proximately caused Plaintiff's physical health problems.").

"Just because a lay witness cannot testify about his opinion as to the causation of [an injury] does not mean that [he] cannot testify about the surrounding facts which [dis]prove a causal link between the alleged wrong and the alleged damage, even without an expert." Boren v. Harrah's Entm't Inc., No. 2:08-cv-00215, 2010 WL 4340641, at *2 (D. Nev. Oct. 26, 2010). Lay witnesses may "talk about what they have personally and directly observed about [Plaintiffs'] physical appearance," what Plaintiffs said or did, and when, even if this suggests that Plaintiffs' injuries were not caused by Defendant. Clark v. Thomas, No. 2:09-cv-02272, 2014 WL 2573738, at *7 (D. Nev. June 6, 2014). Plaintiffs' motion is

14

denied.  If Defendants seek to introduce at trial specific causation evidence that Plaintiffs believe is inadmissible, Plaintiffs may then assert an objection.

3.    *Malingering or Exaggerating Injuries*

Plaintiffs seek to exclude "any evidence or argument of any kind that suggests or implies that Plaintiffs are malingering or exaggerating their injuries without medical proof."  (Id. at 10).  Defendant does not intend to argue that Plaintiffs are malingerers, but claims that "[e]xaggeration of injury is essentially a matter of credibility" and argues that parties are entitled "to make any and all arguments to the jury which appropriately reflects the evidence presented during the trial."  (Defendant's Response at 4).

Lay witnesses generally may not offer a medical diagnosis or prognosis concerning Plaintiffs' alleged injuries, but lay witnesses are permitted to testify "about what they have personally and directly observed about [Plaintiffs'] physical appearance," what Plaintiffs said or did, and when.  Clark, 2014 WL 2573738, at *7.  This evidence is admissible here to show that Plaintiffs exaggerated about their alleged injuries.  Defendant also may use evidence admitted at trial to argue that Plaintiffs' injuries are less severe than they claim.  Plaintiffs' motion is denied.

### 4. *Negative Impact of Verdict on Defendant*

Plaintiffs seek to exclude "any argument, evidence or suggestions to the jury regarding any potential negative impact this verdict could have on Defendant Murphy." (Plaintiffs' Motions at 11-12). Defendant does not intend to argue that an adverse verdict would negatively affect him, and agrees that such an argument would be improper. (Defendant's Response at 5). He does, however, intend to "present general biographical information about himself on direct examination" because this information is relevant to his credibility. (Id. at 5-6). Plaintiffs did not object to this background testimony. Plaintiffs' motion is granted, except that Defendant may present his general biographical information.

### 5. *Parties' Financial Status*

Plaintiffs seek to exclude "any argument, evidence or suggestions to the jury regarding the parties' financial status and wealth or lack thereof." (Plaintiffs' Motions at 12-13). Defendant consents to this motion, and it is granted.

### 6. *Plaintiffs Caused or Contributed to the Collision*

Plaintiffs seek to exclude "any argument, evidence or suggestions to the jury that Fedon Mavromatis caused or contributed to the subject collision." (Plaintiffs' Motions at 13-14). Defendant admits that he was negligent and that he is solely responsible for causing the collision. (Sec. Am. Answer ¶¶ 21, 25, 26, 31). The

parties agree that the issue of duty and breach is not required to be tried.

(Consolidated Pretrial Order [87] at 8).  For these reasons, Plaintiffs claim that

evidence of their responsibility for the collision "would be confusing and

prejudicial to the jury and should therefore be precluded" under Rule 403 of the

Federal Rules of Evidence.  (Plaintiffs' Motions at 13).  Defendant states that, to

defend against Plaintiffs' claim for litigation expenses, he is entitled to present

evidence of Plaintiffs' responsibility for the collision.  (Defendant's Response

at 5-6).  The Court agrees.

Plaintiffs assert a claim, under O.C.G.A. § 13-6-11, for attorneys' fees and

costs.  Recovery under this provision "is authorized if no bona fide controversy or

dispute existed as to the defendant's liability."  King Indus. Realty, Inc. v. Rich,

481 S.E.2d 861, 867 (Ga. App. Ct. 1997).  To defend against this claim, Defendant

is entitled to argue or present evidence showing that, at the outset of this case, it

appeared that Plaintiffs may have caused or contributed to the collision.  This

evidence or argument does not warrant exclusion under Rule 403.  See

United States v. Alfaro–Moncada, 607 F.3d 720, 734 (11th Cir. 2010) (noting that

exclusion under Rule 403 "is an extraordinary remedy which the district court

should invoke sparingly, and the balance should be struck in favor of

admissibility" (quoting <u>United States v. Dodds</u>, 347 F.3d 893, 897 (11th Cir. 2003)).  Plaintiffs' motion is denied.[13]

       7.   *Defendant's Statements of Remorse or Regret*

Plaintiffs seek to "prevent Defendant or his counsel from making any statements [that] he is regretful or remorseful about the collision or what he did to cause the collision." (Plaintiffs' Motions at 14).  Plaintiffs argue that these statements are "prejudicial under Fed. R. Evid. 403 and constitute[] nothing but an attempt to gain sympathy from the jury and/or to convince them to make their decision on improper grounds." (<u>Id.</u>).  Defendant asserts that Plaintiffs' motion would prevent him from mounting a defense to Plaintiffs' litigation expenses claim.  (Defendant's Response at 7).  He also argues that he is permitted to express regret because the accident was not intentional.  (<u>Id.</u> at 6).

The Court agrees that a claim of stubborn litigiousness implies a party does not regret their conduct and is willing to continue to inflict emotional damage on Plaintiffs.  Defendant's expression of regret might be construed by a jury as discrediting Plaintiffs' claim that he was stubborn in denying liability in this case.

---

[13]   This evidence is admissible for a limited purpose and the following limiting instruction will be given:  "Defendant has offered evidence of Plaintiffs' conduct relating to the collision.  This evidence is offered for a limited purpose.  You may consider it only in determining whether Defendant was stubbornly litigious in disputing the claims asserted against him."

Plaintiffs' motion is denied.  Defendant's expression of regret should be reasonable and straightforward.

### 8.   *Collision was an Accident*

Plaintiffs seek to "prevent Defendant or his counsel from suggesting that the collision was merely an accident."  (Plaintiffs' Motions at 14).  Because Defendant admits that he was negligent and that he is solely responsible for the collision, Plaintiff argues that "any suggestion that the collision was 'an accident' could potentially confuse the jury and lead to a verdict based on improper grounds." (Id. at 14-15).  Defendant opposes the motion, asserting that "[t]here is simply no authority that stands for the proposition that a civil defendant cannot refer to a motor vehicle accident as an 'accident.'"  (Defendant's Response at 7).  The Court agrees with Defendant, including because accidents can, and often do, occur as a result of negligence.  Plaintiffs' motion is denied.

### 9.   *Collateral Source Evidence*

Plaintiffs move to exclude "any evidence related to any collateral source payments including those made by [Plaintiffs'] insurance company or any other entity on their behalf to satisfy all or part of their medical bills."  (Plaintiffs' Motions at 15).  Defendant agrees that collateral source evidence is generally inadmissible, and Plaintiffs' motion is granted.

### 10.   *Defendant's Insurance Coverage*

Plaintiffs seek to "prevent the introduction of the amount of insurance coverage available to Defendant relating to the subject collision."  (<u>Id.</u> at 16-17). Defendant consents to this motion, and it is granted.

### 11.   *When Counsel Contacted or Retained*

Plaintiffs seek to "exclude any evidence regarding when they first contacted and/or retained counsel."  (<u>Id.</u> at 18).  Defendant does not intend to introduce such evidence, and requests that Plaintiffs' motion "similarly apply to how and when defendant retained counsel in this matter."  (Defendant's Response at 8). Plaintiffs' motion is granted.  Neither party may introduce evidence of when or how they first contacted or retained counsel.

### 12.   *Greedy Plaintiffs*

Plaintiffs seek to "exclude any evidence or argument of any kind that suggests or implies that Plaintiffs are greedy, acting immorally, or are otherwise acting improperly for seeking full compensation under the law."  (Plaintiffs' Motions at 19).  Defendant consents to this motion, and it is granted.

### 13.   *Lottery or Gambling*

Plaintiffs seek to exclude "argument, evidence or suggestions to the jury that by pursuing this action Plaintiffs are playing the lottery, hitting it big or any other

similar suggestion." (Id. at 21).  Defendant consents to this motion, and it is granted.

### 14.    *Tax Implications of Verdict*

Plaintiffs move to exclude "evidence that any recovery by Plaintiffs either would or would not be subject to federal income tax or any other form of taxation or how any award would be paid." (Id.).  Defendant consents to this motion, and it is granted.

### 15.    *Effect of Verdict on Insurance Rates*

Plaintiffs seek to exclude "any reference or suggestion regarding the effect or results of a claim, suit or judgment upon insurance rates, premiums, or charges, either generally or as particularly applied to the parties in question as a result of this or any other lawsuit or claim." (Id. at 121-122).  Defendant consents to this motion, and it is granted.

### 16.    *Ad Hominem Attacks*

Plaintiffs seek to "prevent any argument or statement that constitutes an ad hominem attack on any of the lawyers in this matter." (Id. at 122).  Defendant consents to this motion, and it is granted.

### III.  CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Duncan Scott Murphy's Motions in Limine [93] is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS**, in accordance with this Opinion and Order, Defendant's Motions in Limine to exclude (a) evidence of Plaintiffs' inability to pay medical expenses, (b) evidence concerning the parties' liability insurance coverage, (c) voir dire questions concerning insurance, unless a prospective juror states that he or she works for an insurance company, (d) arguments or allegations suggesting that jurors should, in awarding damages, put themselves in Plaintiffs' position, (e) evidence relating to Defendant's prior or subsequent traffic citations or driving record, (f) evidence of Defendant's criminal record, absent a certified copy of a felony conviction or a misdemeanor crime involving moral turpitude, and (g) evidence concerning settlement negotiations.  The Court **DENIES** Defendant's Motion in Limine to exclude evidence that Defendant made modifications or repairs to his vehicle.

**IT IS FURTHER ORDERED** that Plaintiffs Fedon Mavromatis and Elisabeth Mavromatis' Consolidated Motions in Limine [92] is **GRANTED IN PART** and **DENIED IN PART**.  The Court **GRANTS**, in accordance with this

Opinion and Order, Plaintiffs' Motions in Limine to exclude (a) evidence or argument that a verdict against Defendant may negatively impact his life, (b) evidence of the parties' financial status, (c) evidence of Plaintiffs' medical payments from collateral sources, (d) evidence regarding the amount of Defendant's insurance coverage for the accident, (e) evidence of when Plaintiffs contacted or retained counsel, (f) suggestion or implication that Plaintiffs are greedy, (g) statements that Plaintiffs, by pursuing this action, are playing the lottery or gambling, (h) statements regarding the tax implications of any verdict, (i) statements regarding the effect of any verdict on insurance rates, premiums or charges, and (j) any ad hominem attacks on the lawyers in this action.

The Court **DENIES**, in accordance with this Opinion and Order, Plaintiffs' Motions in Limine to exclude (a) medical records from Plaintiffs' primary care physician, (b) evidence or argument, unsupported by medical testimony, that Plaintiffs' injuries were caused other than by the car accident at issue, (c) evidence or argument, unsupported by medical proof, that Plaintiffs are malingering or exaggerating their injuries, (d) evidence or argument that Plaintiffs caused or contributed to the collision, (e) statements of regret or remorse from Defendant, and (f) argument or suggestion that the collision was an accident.

**SO ORDERED** this 26th day of May, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE