IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FEDON MAVROMATIS and
ELISABETH MAVROMATIS,

        Plaintiffs,

v.                                                      1:14-cv-3469-WSD

DUNCAN SCOTT MURPHY,

        Defendant.

**OPINION AND ORDER**

This matter is before the Court on Defendant Duncan Scott Murphy's ("Defendant") Rule 32(a)(6) Motion and Objections Regarding Plaintiffs' Deposition Designations [110] ("Motion").

**I.**    **BACKGROUND**

This is a negligence action arising out of a motor vehicle accident in Fulton County, Georgia. Plaintiffs Fedon and Elisabeth Mavromatis ("Plaintiffs") allege that, on February 25, 2013, when Defendant attempted to change lanes on Interstate 75, Defendant struck Plaintiffs' vehicle. (Am. Compl. ¶¶ 9-16). Plaintiff Fedon Mavromatis was driving the car and his wife, Plaintiff Elisabeth Mavromatis, was a passenger. (Id. ¶¶ 13-14). The collision allegedly caused Plaintiffs' car to strike the concrete median between the northbound and

southbound lanes of Interstate 75, causing Plaintiffs severe and permanent injuries. (Id. ¶¶ 17-18).

On December 19, 2014, Plaintiffs filed their First Amended Complaint [11],[1] asserting claims for negligence, attorneys' fees and costs, and loss of consortium. (Id. ¶¶ 23-44).[2]  Defendant admits that he is "solely responsible" for the collision and that he was negligent.  (Defendant's Second Amended Answer [61] ("Sec. Am. Answer") ¶¶ 21, 25-26, 31; Am. Compl. ¶ 21).  He disputes Plaintiffs' alleged damages and the extent to which his conduct caused them.  (Consolidated Pretrial Order [87] at 8).  He also disputes that he is liable for Plaintiffs' attorneys' fees and costs.  (Id.).

On February 18, 2016, the Court denied [85] Defendant's Motion for Partial Summary Judgment.  On March 18, 2016, the parties filed their proposed Consolidated Pretrial Order [87].  On March 28, 2016, the Court issued its Trial Calendar Order [91].  On May 26, 2016, the Court ruled [101] on the parties' motions in limine and, on June 13, 2016, the Court ruled [106] on the parties' deposition designations and objections.  On June 14, 2016, the Court held a pretrial conference [108] with the parties, during which Defendant's counsel disclosed, for

---

[1] On October 28, 2014, Plaintiffs filed their Complaint [1].
[2] Plaintiffs also asserted, but have since voluntarily dismissed, a claim for punitive damages.  (See [55]).

the first time, their intent to introduce, at trial, portions of Defendant's deposition testimony. The next day, Plaintiffs filed their Second Amended Deposition Designations [109], stating that they "may" at trial play certain excerpts from Defendant's videotaped deposition. The same day, Defendant filed his Motion, seeking to prevent Plaintiffs from introducing Defendant's deposition testimony. Defendant argues that Plaintiffs failed to timely designate Defendant's deposition.

## II.   DISCUSSION

Local Rule 16.4 requires parties to file, no later than thirty (30) days after the close of discovery, a proposed consolidated pretrial order. LR 16.4(A), NDGa. The pretrial order must contain "[a] listing of all persons whose testimony at trial will be given by deposition and designation of the portions of each person's deposition which will be introduced." Id. 16.4(B)(20). After the parties file their consolidated pretrial order, "[n]o modifications or deletions shall be made without the prior permission of the court." Id. 16.4(B).[3]

---

[3] The pretrial order must contain, and in this case does contain, the following language: "Any attempt to reserve a right to amend or add to any part of the pretrial order after the pretrial order has been filed shall be invalid and of no effect and shall not be binding upon any party or the court, unless specifically authorized in writing by the court." LR 16.4(B)(29), NDGa; (see [87] at 22). This language is intended as an order of the court. The Court ordinarily does not enter this direction until the Consolidated Pretrial Order is discussed at the pretrial conference. That the Court did not enter the Consolidated Pretrial Order as this

On March 18, 2016, the parties filed their proposed Consolidated Pretrial Order containing their deposition designations. Plaintiffs did not designate any of Defendant's deposition. On March 28, 2016, the Court issued its Trial Calendar Order, requiring the parties to deliver to the Court, at least five (5) business days before the pretrial conference, their objections to any deposition designations. ([91] at 2). On May 3, 2016, Plaintiffs filed [99] a document listing their deposition designations, so that Defendant could, in compliance with the Trial Calendar Order, file objections before the pretrial conference. Again, Plaintiffs did not include Defendant's deposition in their designations. On June 13, 2016, the Court ruled on the parties' objections to the deposition designations. At the June 14, 2016, pretrial conference, Plaintiffs disclosed, for the first time, their intent to introduce, at trial, portions of Defendant's deposition testimony. The next day, almost three (3) months after the pretrial order was filed, Plaintiffs purported to amend their deposition designations to include excerpts from Defendant's deposition. This amendment was not made with the Court's permission. See

---

Court's order before the pretrial conference does not excuse Plaintiffs' obligation to designate all deposition testimony when filing the Consolidated Pretrial Order. Plaintiffs have never requested to amend their designations to include Defendant's deposition. "[W]ithout the prior permission of the court," they simply filed their amended designations, waiting until yesterday, June 15, 2016, to do so. LR 16.4(B), NDGa.

LR 16.4(B), NDGa ("No modifications or deletions [to the consolidated pretrial order] shall be made without the prior permission of the court.").

The purpose of the pretrial order is to "narrowly outline the existing issues," Miles v. Tennessee River Pulp & Paper Co., 862 F.2d 1525, 1529 (11th Cir. 1989), and to "promote the fair and efficient administration of justice," In re FLSA Cases, No. 6:08-mc-49, 2009 WL 129599, at *7 (M.D. Fla. Jan. 20, 2009).  Plaintiffs thwarted these purposes by attempting to amend their deposition designations immediately before trial, after the Court has ruled on the parties' deposition designation objections, and almost three (3) months after the Consolidated Pretrial Order was filed.  Plaintiffs have had several opportunities to seek leave to amend.  They did not do so.  To allow Plaintiffs to amend their designations now, on the eve of trial, would be unfair and prejudicial to Defendant.  It also would violate the Court's Trial Calendar Order and impede the Court's preparation for trial.  The deposition designation simply is untimely and violates the Local Rules and this Court's orders.  As a result, Plaintiffs are prohibited from introducing Defendant's deposition testimony at trial.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Duncan Scott Murphy's Rule 32(a)(6) Motion and Objections Regarding Plaintiffs' Deposition Designations [110] is **GRANTED**.[4]

**SO ORDERED** this 16th day of June, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[4] This ruling does not significantly prejudice Plaintiffs because Defendant is available to testify at trial. This Order also does not preclude Plaintiffs from requesting to use Defendant's deposition at trial if the deposition testimony otherwise becomes relevant and admissible, even for limited purposes.